UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TINA KENDEL** | ) | **CASE NO.:** |
| **5110 REVERE AVENUE NW** | ) | |
| **MASSILLON, OHIO 44677** | ) | **JUDGE** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **LOCAL 17-A** | ) | **COMPLAINT** |
| **UNITED FOOD AND** | ) | **(Jury Demand Endorsed Herein)** |
| **COMMERCIAL WORKERS** | ) | |
| **C/O PRESIDENT SONYA** | ) | |
| **CAMPBELL** | ) | |
| **718 TUSCARAWAS STREET W** | ) | |
| **CANTON, OHIO 44702** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **UNITED FOOD AND** | ) | |
| **COMMERCIAL WORKERS** | ) | |
| **INTERNATIONAL UNION CLC** | ) | |
| **C/O PRESIDENT JOSEPH T.** | ) | |
| **HANSEN** | ) | |
| **1775 K STREET NW** | ) | |
| **WASHINGTON, DC 20006-1598** | ) | |

1

|  | ) |
|---|---|
| and | ) |
|  | ) |
| **HOWARD BARNES** | ) |
| **(In his official and individual** | ) |
| **capacity) FORMER PRESIDENT** | ) |
| **LOCAL 17-A UNITED FOOD** | ) |
| **AND COMMERCIAL WORKERS** | ) |
| **718 TUSCARAWAS STREET W** | ) |
| **CANTON, OHIO 44702** | ) |
|  | ) |
| **Defendant(s)** | ) |
|  | ) |

# INTRODUCTION

1. This is a Title VII Sexual Discrimination case alleging hostile work environment and continual gender discrimination and constructive discharge.

2. The claims are alleged against the local and international union and it's former President.

3. Federal and State claims are alleged.

# JURISDICTION

4. Jurisdiction is evoked under Title VII of the Civil Rights Act of 1964 as amended as well as 28 USC 1331, 1343 and 1367.

5. Plaintiff received her right to sue letter on May 29, 2009. Plaintiff has

2

filed this action within the applicable jurisdictional time period. Said right to sue letter is attached as Exhibit 1 and incorporated by reference as if fully rewritten herein.

6. Plaintiff also attaches her original charge as Exhibit 2 and incorporates the same as if fully rewritten herein.

7. Plaintiff further states that the pending state jurisdictional claims are properly filed and are in excess of the statutory minimum.

## PARTIES

8. Local 17-A of the UFCW (Local 17-A) is located in Stark County, Canton, Ohio. Said Local is an employer within the meaning of the statute.

9. Sonya Campbell is the newly elective President of Local 17-A.

10. The International Union is located in Washington, DC (International) and is supervised by it's International President, Joseph T. Hansen. The International has supervisory authority over the Local and is ultimately responsible for the Local's implementation of their rules, regulations, and it's employees.

11. Howard Barnes is the former President of Local 17-A UFCW. Barnes resides in Stark County, Ohio. As President of the Local 17-A during

the relevant period of time of this complaint, he had authority to supervise, recommend, hire, and fire employees.

## FIRST CAUSE OF ACTION

## (TITLE VII)

12. Plaintiff states that on or about April 1, 1988 she was hired by the Local 17-A UFCW and later promoted to Secretary Treasurer.

13. Plaintiff states that as Secretary Treasurer she reported to Howard Barnes, President of Defendant Local 17-A from 1999 to January, 2008.

14. Plaintiff states approximately January 1, 2003 Defendant Barnes started making degrading and harassing sexual comments to Plaintiff.

15. Plaintiff states that the sexual comments and harassment increased over the years. For example:

    a. Barnes indicating that" women needed to be beat down."

    b. "Women need to learn how to suck cock."

    c. "Women are dumb."

    d. "Women are cunts and their vaginas need to be sewed up."

    e. "You better be afraid of me or I'll bring my guns out and bury you in a hole in my yard."

16. Barnes further made comments that Plaintiff "must be on her period".

17. Barnes further accused Plaintiff of paying for union votes "with her bra". Barnes made many other degrading comments in reference to women.

18. Plaintiff complained to the Board of Local 17-A. Plaintiff further complained to the Defendant International on numerous occasions, however, nothing was done.

19. On January 7, 2008 Defendant Barnes physically attacked Plaintiff by grabbing Plaintiff's shoulder. Plaintiff was forced to yell and run for her life when Barnes attempted to choke her. At the same time Barnes was calling Plaintiff degrading and humiliating sexual names.

20. As a result of the attack of January 7, 2008 Plaintiff was forced to run from the building and call the police.

21. Plaintiff was constructively terminated because she was in fear of her life and afraid to go back to work. Again, local 17-A and the International did nothing.

22. On January 17, 2008 the Local Membership finally voted Defendant Barnes from office. Thereafter, the current President of 17-A rehired Plaintiff.

23. Plaintiff states that the actions of the Defendants is clearly a violation of Title VII of the Civil Rights Act of 1964, as amended.

24. Wherefore, Plaintiff demands compensatory damages of $300,000, punitive damages of $300,000, attorney fees, cost and any other relief this Court may deem is fair and equitable, including injunctive relief.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

25. Plaintiff states that on or about April 1, 1988 she was hired by the Local 17-A UFCW and later promoted to Secretary Treasurer.

26. Plaintiff states that as Secretary Treasurer she reported to Howard Barnes, President of Defendant Local 17-A from 1999 to January, 2008.

27. Plaintiff states commencing approximately January 1, 2003 Defendant Barnes started making degrading and harassing sexual comments to Plaintiff.

28. Plaintiff states that the sexual comments and harassment increased over the years. For example:

    a. Barnes indicating that "women needed to be beat down."

    b. "Women need to learn how to suck cock."

    c.    "Women are dumb."

    d.    "Women are cunts and their vaginas need to be sewed up."

    e.    "You better be afraid of me or I'll bring my guns out and bury you in a hole in my yard."

29. Barnes further made comments that Plaintiff "must be on her period".

30. Barnes further accused Plaintiff of paying for union votes "with her bra". Barnes made many other degrading comments in reference to women.

31. Plaintiff complained to the Board of Local 17-A. Plaintiff further complained to the Defendant International on numerous occasions, however, nothing was done.

32. On January 7, 2008 Defendant Barnes physically attacked Plaintiff by grabbing Plaintiff's shoulder. Plaintiff was forced to yell and run for her life when Barnes attempted to choke her. At the same time Barnes was calling Plaintiff degrading and humiliating sexual names.

33. As a result of the attack of January 7, 2008 Plaintiff was forced to run from the building and call the police.

34. Plaintiff was constructively terminated because she was in fear of her life and afraid to go back to work. Again, local 17-A and the

International did nothing.

35. On January 17, 2008 the Local Membership finally voted Defendant Barnes from office. Thereafter, the current President of 17-A rehired Plaintiff.

36. Plaintiff states that as a result of Defendants' actions, she suffered extreme emotional distress.

37. Wherefore, Plaintiff demands for intentional infliction of emotional distress compensatory damages of $500,000, punitive damages of $500,000, attorney fees, cost and any other relief this Court may deem is fair and equitable.

## THIRD CAUSE OF ACTION

### (4112 of the Ohio Revised Code Claims)

38. Plaintiff states that on or about April 1, 1988 she was hired by the Local 17-A UFCW and later promoted to Secretary Treasurer.

39. Plaintiff states that as Secretary Treasurer she reported to Howard Barnes, President of Defendant Local 17-A from 1999 to January, 2008.

40. Plaintiff states commencing approximately January 1, 2003 Defendant Barnes started making degrading and harassing sexual

comments to Plaintiff.

41. Plaintiff states that the sexual comments and harassment increased over the years. For example:

   a. Barnes indicating that "women needed to be beat down."

   b. "Women need to learn how to suck cock."

   c. "Women are dumb."

   d. "Women are cunts and their vaginas need to be sewed up."

   e. "You better be afraid of me or I'll bring my guns out and bury you in a hole in my yard."

42. Barnes further made comments that Plaintiff "must be on her period".

43. Barnes further accused Plaintiff of paying for union votes "with her bra". Barnes made many other degrading comments in reference to women.

44. Plaintiff complained to the Board of Local 17-A. Plaintiff further complained to the Defendant International on numerous occasions, however, nothing was done.

45. On January 7, 2008 Defendant Barnes physically attacked Plaintiff by grabbing Plaintiff's shoulder. Plaintiff was forced to yell and run for her life when Barnes attempted to choke her. At the same time Barnes

was calling Plaintiff degrading and humiliating sexual names.

46. As a result of the attack of January 7, 2008 Plaintiff was forced to run from the building and call the police.

47. Plaintiff was constructively terminated because she was in fear of her life and afraid to go back to work. Again, local 17-A and the International did nothing.

48. On January 17, 2008 the Local Membership finally voted Defendant Barnes from office. Thereafter, the current President of 17-A rehired Plaintiff.

49. Plaintiff states that the action of the Defendants clearly is in violation of 4112 of Ohio Revised Code.

50. Wherefore, Plaintiff demands for sexual discrimination in regards to the violation of the State Statute, compensatory damages of $500,000, punitive damages of $500,000, attorney fees, cost and any other relief this Court may deem is fair and equitable, including injunctive relief.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**


**/s/ Edward L. Gilbert**
Edward L. Gilbert (0014544)
Michael J. Wright (0075221)
Attorneys at Law
1 Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857 FAX
egilbert8@sbcglobal.net


**JURY DEMAND**

The Plaintiff hereby demands a trial by jury with the maximum number of jurors permitted by law for all claims in this action.

**/s/ Edward L. Gilbert**
Edward L. Gilbert
Michael J. Wright
Attorneys at Law