ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA KENDEL | ) | |
| | ) | CASE NO. 5:09cv1999 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| LOCAL 17-A UNITED FOOD AND | ) | ORDER |
| COMMERCIAL WORKERS, et al., | ) | (Resolves Doc. 312, 313, 314, 315) |
| | ) | |
| Defendants. | ) | |

This action came on for trial before the Court and a jury and on January 27, 2011, judgment was entered in favor of Defendants Local 17-A and Howard Barnes in his official and individual capacities (collectively "Defendants"). The following order resolves the Defendants' post-judgment motions.[1]

I. **Defendants' Request for Fees (Doc. 312, 313)**

Defendants requested this Court to grant them attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964. This Court has the discretion to "award attorney fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garmet Co., v. EEOC*, 434 U.S. 413, 421 (1978). While the Court recognizes this statement of law, the Sixth Circuit has held that "it is an abuse of discretion to award attorneys' fees to a prevailing

---

[1] As these issues have been ripe for some time, the Court resolves these motions. The Court recognizes, however that Plaintiff's post-judgment motions remain pending. Because those motions are not currently ripe, the Court cautions that the resolution of the present motion are not in any way dispositive of the Court's view on the outstanding post-judgment motions.

defendant where any part of the plaintiff's cause of action was not frivolous." *Balmer v. HCA, Inc.*, 423 F.3d 606, 617 (6th Cir.2005), citing *Haynie v. Ross Gear Div. of TRW, Inc.,* 799 F.2d 237, 242 (6th Cir.1986), vacated as moot, 482 U.S. 901(1987) (holding that "where one of the plaintiff's claims is non-frivolous, the defendant's attorney fees may not be shifted to the plaintiff even though others of the plaintiff's claims are patently without merit."); *Tarter v. Raybuck*, 742 F.2d 977, 987-88 (6th Cir.1984) (holding that awarding attorneys' fees was an abuse of discretion even though some of plaintiff's claims were meritless).   Currently, the Circuits are split on this issue and it is now pending before the United State Supreme Court.  See *Fox v. Vice*, 594 F.3d 423*, cert. granted*, 131 S.Ct. 505 (2010).   The Court cannot conclude that the entirety of Kendel's claims were frivolous.   Therefore, the Court must deny Defendants' motions for fees under Title VII.

It is clear from Defendants' motions for attorneys' fees, however, that they premise their motions, at least in part, on Kendel and her counsel's bad faith and misconduct.  With this in mind, the Court grants Defendants leave to file motions for sanctions or fees as they may deem appropriate.   These motions shall be filed within 30 days from the date of this Order.   Kendel will then have 14 days to respond.

II. **Defendants' Motions for Costs (Docs. 314, 315)**

Barnes in his individual capacity (Doc. 314), as well as Local 17-A and Barnes in his official capacity (Doc. 315) filed a motion for costs.  Pursuant to Fed.R.Civ.P 54(d)(1), as the prevailing parties, Defendants' are entitled to costs.  Accordingly, the Court awards costs to Barnes in his individual capacity in the amount of $2,227.64 and to Local 17-A and Barnes in his official capacity in the amount of $4,997.56.

III. **Conclusion**

For the reasons set forth herein, Defendant Local 17-A's motion for attorneys' fees is DENIED. Doc. 312. Defendant Barnes' motion for attorneys' fees is DENIED. Doc. 313. Defendant Barnes in his individual capacity's motion for costs is GRANTED. Doc. 314. Defendants Local 17-A and Barnes in his official capacity's motion for costs is GRANTED. Doc. 315. The Court grants Defendants leave to file motions for sanctions or fees based on their allegations of Kendel and her counsel's bad faith and misconduct. These motions shall be filed within 30 days from the date of this Order. Kendel will then have 14 days to respond.

IT IS SO ORDERED.

DATED: August 31, 2011      */s/ John R. Adams*_____
                                                     Judge John R. Adams
                                                     UNITED STATES DISTRICT COURT